Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose De La Rosa, individually and on behalf of all others similarly situated, | **COMPLAINT** |
| Plaintiff, | CASE NO. |
| *–against –* | |
| Bronx 656 Food Corp. d/b/a Fine Fare Supermarket d/b/a Food Fair Supermarket, and Kent Tavera, | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff, Jose De La Rosa, individually and on behalf of all others similarly situated,

through his attorney, MOSER LAW FIRM, P.C., brings this action against the Defendants, 656

Food Corp. d/b/a 656 Fine Fare Supermarket d/b/a Food Fair Supermarket, and Kent Tavera,

("Defendants") and alleges as follows:

### INTRODUCTION

1.      This case is an action to remedy the failure of the Defendants to pay overtime

premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29

U.S.C. §201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article

19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12

N.Y.C.R.R. § 142.  This action is also brought to remedy Spread of Hours Pay violations (12

NYCRR § 142-2.4), Wage Statement violations (NYLL § 195(3)) and Wage Notice violations (NYLL § 195(1)(a)) of the New York Labor Law.

2.     The Plaintiff brings his federal claims on behalf of the FLSA Collective (as hereinafter defined) under 29 U.S.C. §216, and his state claims on behalf of the New York Class (as hereinafter defined) under Fed. R. Civ. P. 23. The Plaintiff, the FLSA Collective, and the New York Class are collectively referred to herein as the Plaintiffs.

## JURISDICTION AND VENUE

3.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Southern District of New York.

## PARTIES

*Jose De La Rosa*

6.     Plaintiff Jose De La Rosa is a natural person who resides in Bronx County, New York.

7.     The Plaintiff was employed by Bronx 656 Food Corp. from approximately March 2012 to August 2015.

8.      Upon information and belief, the Plaintiff has been an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

*Defendants*

9.      Defendant Bronx 656 Food Corp. is a New York corporation.

10.     Defendant Bronx 656 Food Corp. maintains an address of record and a principal place of business at 656 Castle Hill Avenue, Bronx, New York 10473.

11.     Upon information and belief, Bronx 656 Food Corp. has been engaged in commerce as defined in 29 U.S.C. §§ 201 *et. seq.* during the relevant time period.

12.     Upon information and belief, for each calendar year within the relevant time period and up to the present time, Bronx 656 Food Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

13.     At times within the six years preceding the filing of this complaint Defendant Bronx 656 Food Corp. has done business as Fine Fare Supermarket.

14.     At times within the six years preceding the filing of this complaint Defendant Bronx 656 Food Corp. has done business as Food Fair Supermarket.

15.     Upon information and belief, Defendant Bronx 656 Food Corp. has been an employer within the meaning of 29 U.S.C. § 203(d) and employed the Plaintiff.

*Kent Tavera*

16.     Upon information and belief, the Defendant Kent Tavera is the Chief Executive Officer of Bronx 656 Food Corp.

17.     Upon information and belief, the Defendant Kent Tavera had the power to hire and fire the Plaintiff, supervised and controlled his work schedules, the conditions of his

employment, determined the rate and method of his pay, and maintained records of his employment.

18.     As a matter of economic reality, Kent Tavera employed the Plaintiff, the Collective, and the New York Class.

19.     Upon information and belief, the Defendant Kent Tavera exercised sufficient operational control over Bronx 656 Food Corp. to be deemed the employer of the Plaintiff, the Collective and the New York Class.

20.     Upon information and belief, the Defendant Kent Tavera has been an employer within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

**LAW**

*Overtime*

21.     Pursuant to the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 USC § 207(a)(1).

22.     Under New York State law, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.,* the Fair Labor Standards Act of 1938, as amended." 12 NYCRR § 142-2.2.

*Spread of Hours Pay*

23.     "The *spread of hours* is the interval between the beginning and end of an employee's workday." 12 NYCRR § 142-2.18.  Under New York State law, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum

wage required in this Part for any day in which...the spread of hours exceeds 10 hours." 12 NYCRR § 142-2.4(b).

*Wage Notices*

24.     The New York Labor Law, as amended by the Wage Theft Prevention Act, effective April 9, 2011, requires all employers to provide employees within ten days of hiring and on or before February 1 of each year a notice containing, *inter alia* the employee's regular rate and overtime rate. NYLL §195(1).

*25.*     The *annual* notice requirement was repealed by the amendment of NYLL § 195(1), effective February 27, 2015.

*26.*     Prior to February 27, 2015, an employee may recover civil action damages in the amount of $50 per workweek, up to a total of $2,500, together with costs and reasonable attorney's fees, for failure to comply with NYLL § 198(1).  NYLL § 198(1)(b).

*27.*     On and after February 27, 2015, an employee may recover civil action damages in the amount of $50 per workday, up to a total of $5,000, together with costs and reasonable attorney's fees, for failure to comply with NYLL § 198(1).  NYLL § 198(1)(b).

*Wage Statements*

28.     NYLL §195(3), requires each employer to "furnish each employee with a statement with every payment of wages, listing the following:  the dates of work covered by that payment of wages;  name of employee;  name of employer;  address and phone number of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage;  and net wages.  For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise

provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked".

29.     For each week in which an employer does not provide an employee a wage statement in conformity with the requirements of NYLL §195(3) preceding February 27, 2015, an employee is entitled to recover civil damages in the amount of $100, up to a total of $2,500, together with costs and reasonable attorney's fees. NYLL § 198(1)(d).

30.     For each work day in which an employer does not provide an employee a wage statement in conformity with the requirements of NYLL §195(3) on and after February 27, 2015, the employee is entitled to recover civil damages in the amount of $250, up to a total of $5,000, together with costs and reasonable attorney's fees. NYLL § 198(1)(d).

## FACTS

### *Jose De La Rosa*

31.     The Plaintiff was employed at the Fine Fare Supermarket located at 656 Castle Hill Avenue, Bronx, New York 10473.

32.     The Plaintiff was employed at the Fine Fare Supermarket as a meat department worker, from approximately March 2012 to August 2015.

33.     The Plaintiff cut and packaged meat and cleaned the meat department area at the end of the day.

34.     The Plaintiff assisted in the handling of goods that had been transported in interstate commerce.

35.     The Plaintiff was required to work in excess of 40 hours per week during the relevant time period.

36.     The Plaintiff was scheduled to work Monday to Saturday, 7:00 a.m. to 4:00 p.m., with a one-hour break, totaling 48 hours per week.

37.     The Plaintiff often worked more than his regularly scheduled hours.  For example, he worked Monday to Saturday, from 7:00 a.m. to approximately 5:00 p.m. or 6:00 p.m., with a one-hour break, totaling 54 to 60 hours worked per week.

38.     The Defendants paid the Plaintiff $200 "on the books" and deducted approximately $17.50 from these wages for withholdings.  For this portion of his wages, he received a document entitled "cash voucher."  The cash voucher describes these wages as "regular wages."  A copy of one of these cash vouchers is annexed hereto as Exhibit 1.

39.     The Defendants paid the Plaintiff additional cash "off the books," which typically resulted in the Plaintiff receiving total wages in the range of $300.00 to $400.00 per week.

40.     The Plaintiff never received any explanation with his payment of wages listing his total hours worked, regular rate, overtime rate, or any other information as to the calculation of wages (other than the "cash voucher").

41.     The Plaintiff made repeated complaints about the fact that the Defendants never gave him any explanation as to how his wages were computed.  In response, in 2014, the stores general manager "Marvin" informed him that he was being paid $8.00 per hour for *all hours worked.*

42.     The Defendants did not pay the Plaintiff spread of hours pay on those days in which his spread of hours exceeded 10.

43.     The Defendants never provided the Plaintiff with an accurate statement of wages with each wage payment, as required by NYLL 195(3), and instead provided the Plaintiff with a *paystub for a cash voucher payment* of $186.20 per week without any indication of the Plaintiff's

"rate or rates of pay and basis thereof". In addition, the Defendants didn't provide the Plaintiff with any wage statement for the *cash payment* he received each week.

44.     The Defendants never provided the Plaintiff with a wage notice in English and in Spanish (his primary language), of his rate of pay and such other information as required by NYLL §195(1).

## CLASS ACTION ALLEGATIONS

45.     The Plaintiff brings the *Second, Third, Fourth and Fifth Causes of Action* under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all employees of Bronx 656 Food Corp. who have been employed at any time during the 6-year period prior to the filing of this complaint (the "New York Class").

46.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Bronx 656 Food Corp., and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

47.     The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to the Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of the Defendant.

48.     Upon information and belief, the size of the New York Class is estimated to be at least 45 workers.  Although the store had a regular staff of at least 20 employees, there was significant turnover.

49.     Defendant acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

50.     The *Second, Third and Fourth Causes of Action* are properly maintainable as class actions under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Classes that predominate over any questions solely affecting individual members of the Class, including but not limited to:

     a.   whether the Defendants failed to keep true and accurate time records for all hours worked by the Plaintiff and the New York Class;

     b.   whether Defendants paid for overtime hours at the regular rate of pay in violation of, 12 N.Y.C.R.R. Part 142-2.2;

     c.   whether the Defendants paid spread of hours pay to the plaintiff and other employees whose spread of hours exceeded 10;

     d.   whether the Defendants complied with the wage notice provisions of the Wage Theft Prevention Act; and

     e.   whether the Defendants complied with the wage statement provisions of the New York Labor Law.

51.     Upon information and belief, the damages sustained by each member of the New York class can be determined by an analysis of the class members' payroll records and employee files, as well as representative testimony. No special proof as to individualized damages is required.

52.     The claims of the Plaintiff are typical of the claims of the New York Class he seeks to represent. The Plaintiff and the class members work or have worked for the Defendants

and have been subjected to their policy and pattern or practice of failing to pay overtime premium wages for hours worked in excess of 40 hours per week and failing to pay spread of hours pay. The Plaintiff and the class members have been subject to the Defendants' policy and pattern or practice of failing to provide wage statements and wage notices that comply with the Wage Theft Prevention Act and NYLL. The Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

53.     The Plaintiff will fairly and adequately represent and protect the interests of the New York Class. The Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the New York Class to represent the classes' interests fairly and adequately. The Plaintiff recognizes that as class representative, he must represent and consider the interests of the New York Class just as he would represent and consider his own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interest over those of the class. The Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

54.     The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

55.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present

action, where individual employees may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## COLLECTIVE ACTION ALLEGATIONS

56.     The Plaintiff brings the FLSA claim, the First Cause of Action, on behalf of himself and other similarly situated persons who were current and former workers employed by the Defendant Bronx 656 Food Corp. at any time during three year period prior to the filing of this complaint who elect to opt-in to this action (the "FLSA Collective"), pursuant to 29 U.S.C. §§ 201 *et seq*. and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

57.     Through the conduct described in this Complaint, the Defendants have violated the FLSA by failing to pay the Plaintiff and the FLSA Collective proper overtime wages as required by law.  These violations arose out of the Defendants' uniform, company-wide policies and pattern or practice of violating wage and hour laws.

58.     The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, the FLSA Collective consists of many similarly situated current and former employees who have been victims of the Defendants' common policy and practices

that have violated the rights of the FLSA Collective under the FLSA by, *inter alia,* willfully

denying full overtime wages.  The size of the FLSA collective is estimated at 40 employees.

59.     The FLSA Collective would benefit from the issuance of a court-supervised

notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly

situated employees are known to the Defendants, are readily identifiable, and locatable through

the Defendant's records.  These similarly situated employees should be notified of and allowed

to opt into this action, pursuant to 29 U.S.C. § 216(b).

## WILLFULNESS ALLEGATIONS[1]

60.     As part of its regular business practice, Defendants have intentionally, willfully,

and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage

and hour laws. This policy and pattern or practice includes but is not limited to:

    a.   willfully failing to pay employees overtime premium pay for hours worked in

        excess of 40 hours per week;

    b.   willfully failing to pay employees spread of hours pay;

    c.   willfully failing to provide wage notices as required by section 195 of the New

        York Labor Law;

    d.   willfully failing to provide wage statements that comply with section 195 of the

        New York Labor Law.

61.     Upon information and belief, Defendants were or should have been aware that

their actions as described in this complaint violated both state and federal law.

**FIRST CAUSE OF ACTION**
**Overtime Violations**
**Fair Labors Standards Act**
**29 U.S.C. §§ 201,** *et. seq.***; 29 U.S.C. §§ 207(a) & 126**
**On behalf of the Plaintiff and the FLSA Collective**

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

64.     Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

65.     At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

66.     The Defendants employed the Plaintiff and the FLSA Collective as an employer.

67.     At all times relevant, Plaintiff and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68.     The overtime wage provisions set forth in the FLSA apply to Defendants and protect the Plaintiff and the FLSA Collective.

69.     The Defendants was required to pay Plaintiff and the members of the FLSA Collective at a rate of one and one half the regular rate for all hours worked in excess of 40 hours in a workweek.

70.     The Defendants failed to pay the Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

71.     The Defendants failed to keep accurate records of time worked by Plaintiff and the members of the FLSA Collective.

72.     Defendants' violations of the FLSA have been willful, in that it knew or should have known that their actions, as described herein, violated the FLSA.

73.     Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

74.     As a result of Defendants' violations of the FLSA, the Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, including liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Violation**
**Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2**
**On behalf of the Plaintiff and the New York Class**

75.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

76.     Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

77.     At all times relevant, the Plaintiff and the members of the New York Class have been employees and Defendants have been an employer within the meaning of the NYLL § 190(3).

78.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiff and the members of the New York Class.

79.     The Defendants failed to pay the Plaintiff and the New York Class overtime wages to which they are entitled under NYLL Article 19, §§ 650 et seq., and the supporting New

York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

80.     The Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the New York Class.

81.     The Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

82.     Through Defendants' knowing or intentional failure to pay the Plaintiff and members of the New York Class overtime wages for hours worked in excess of 40 hours per week, the Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

83.     Due to the Defendants' violations of the NYLL, the Plaintiff and the New York Class Members are entitled to recover from the Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### Spread of Hours Pay
### Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4
### On behalf of the Plaintiff and the New York Class

84.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

85.     The Defendants failed to pay the Plaintiff and the New York Class spread of hours pay to which they are entitled under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to 12 NYCRR § 142-2.4.

86.     The Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

87.     Through Defendants' knowing or intentional failure to pay the Plaintiff and members of the New York Class spread of hours pay, the Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

88.     Due to the Defendants' violations of the NYLL, the Plaintiff and the New York Class Members are entitled to recover from the Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**Wage Statement Violations**
**NYLL §§ 195 and 198**
**On behalf of the Plaintiff and the New York Class**

89.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth herein.

90.     The Defendants failed to furnish wage statements in conformity with New York Labor Law § 195(3).

91.     Due to Defendants' violation of NYLL §195(3) preceding February 27, 2015, the Plaintiff and each member of the New York Class are entitled to recover from the Defendants damages in the amount of $100 per week up to a total of $2,500. NYLL § 198(1)(d).

92.     Due to Defendants' violation of NYLL § 195(3) on or after February 27, 2015, the Plaintiff and each member of the New York Class are entitled to recover "damages of two hundred fifty dollars for each work day that the violations occurred…but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees."  NYLL § 198(1)(d).

## FIFTH CAUSE OF ACTION
### Wage Notice Violations
### NYLL §§ 195 and 198
### On behalf of the Plaintiff and the New York Class

93.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth herein.

94.     New York Labor Law §195(1)(a), requires an employer to furnish to each employee "a notice containing the following information: the rate or rates of pay and basis thereof…in writing in English and in the language identified by each employee as the primary language of such employee".

95.     The Defendants failed to furnish wage notices to the Plaintiff and New York Class Members as required by NYLL § 195(1)(a).

96.     Due to Defendants' violation of NYLL § 195(1)(a) preceding February 27, 2015, Plaintiff and New York Class Members are entitled to recover statutory damages of $50 for each week that the violations occurred not to exceed a total of $2,500, together with costs and reasonable attorney's fees.  NYLL § 198(1)(b).

97.     Due to Defendant's violation of NYLL § 195(1)(a) on or after February 27, 2015, Plaintiff and New York Class Members are entitled to recover statutory damages of $50 for each work day that the violations occurred not to exceed a total of $5,000, together with costs and reasonable attorney's fees. NYLL § 198(1)(b).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant the following relief:

A.     That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action to the FLSA Collective;

B.  Certification of the state law claims in this action as class actions;

C.  Unpaid overtime wages under the FLSA;

D.  An amount equal to unpaid overtime as liquidated damages under the FLSA;

E.  Unpaid overtime wages under the NYLL;

F.  Unpaid spread of hours pay under the NYLL;

G.  Liquidated damages under the NYLL;

H.  For wage statement violations of NYLL §195(3) preceding February 27, 2015, civil damages in the amount of $100 per week up to a total of $2,500. NYLL § 198(1)(d);

I.  For wage statement violations of NYLL §195(3) on and after February 27, 2015, civil damages in the amount of $250 per work day, up to a total of $5,000. NYLL § 198(1)(d);

J.  For each violation of the notice provisions of NYLL § 195(1)(a) preceding February 27, 2015, civil damages in the amount of $50 for each week the violation occurred, up to a total of $2,500. NYLL § 198(1)(b);

K.  For each violation of the notice provisions of NYLL § 195(1)(a) on or after February 27, 2015, civil damages in the amount of $50 for each work day the violation occurred, up to a total of $5,000. NYLL § 198(1)(b);

L.  Attorney's fees and costs of the action;

M.  Pre-judgment and post-judgment interest as provided by law; and

N.  Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
       March 5, 2018

Respectfully,
MOSER LAW FIRM, P.C.

_____

By:  Steven J. Moser
3 School Street, Suite 207 B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com