```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JOSE DE LA ROSA,                    :
                    Plaintiff,      :   18 Civ. 1981 (HBP)
     -against-                      :   OPINION
                                        AND ORDER
BRONX 656 FOOD CORP., et al.,       :
                    Defendants.     :
-----------------------------------X
```

        PITMAN, United States Magistrate Judge:

        I held a lengthy settlement conference in this matter on August 7, 2018 that was attended by the parties and their counsel. A settlement was reached at the conference and this matter is now before me on the parties' joint application to approve the settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff alleges that he was employed as a meat department employee from approximately March 2012 until August 2015 at a supermarket that was owned and operated by defendants. Plaintiff further alleges that he worked between 54-60 hours per week and was paid approximately $900 per week for all hours worked. Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"), and seeks to recover unpaid overtime premium pay and spread-of-hours pay. Plaintiff also seeks

statutory damages under the wage statement and wage notice requirements of the NYLL. According to his damages calculations, plaintiff is potentially owed $46,176 in unpaid overtime premium pay, spread-of-hours pay and statutory damages.

Defendants contend that plaintiff was always paid at an hourly minimum wage rate, and one and one-half times that rate for any hours he worked in excess of 40 hour per week. Defendants provided time records and payroll records supporting their contentions. According to these records, defendants did not owe plaintiff any overtime premium pay and owed him less than $1,000 in spread-of-hours pay.

I presided over the settlement conferences between the parties and their counsel on August 7, 2018. After a protracted discussion of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute with a total payment of $12,500.00, of which $7,666.67 is to be paid to plaintiff and $4,833.33 is to be paid to plaintiff's counsel as attorneys' fees and costs. The parties memorialized the terms of the settlement in a written settlement agreement (Settlement Agreement and Release, dated Dec. 5, 2018, annexed to Letter from Steven J. Moser, Esq. to the undersigned ("Moser Letter") as Ex. 1 (D.I. 23-1) ("Settlement Agreement")).

> Court approval of an FLSA settlement is appropriate
>> "when [the settlement] [is] reached as a result of contested litigation to resolve <u>bona fide</u> disputes."

2

> Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $8,000.00 after

attorneys' fees and costs[1] -- represents approximately 16% of his total alleged damages. This percentage is reasonable, especially considering defendant's documentary evidence, which appeared to disprove plaintiff's claims. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in this matter would have led to protracted and costly litigation, likely involving multiple depositions and dispositive motion practice. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. The main factual dispute in this case is whether the defendants' time records and payroll records are accurate. Given this documentary evidence and the fact that

---

[1] As explained below, I am reducing the award for costs to $500.00 leaving $12,000.00 to be allocated between plaintiff and his attorney.

4

plaintiff bears the burden of proof, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because I presided over the settlement conference that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at the settlement conference after a lengthy negotiation.

Plaintiff also agrees to a release of defendants limited to wage-and-hour claims (Settlement Agreement § 3). I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "narrowly-tailored to plaintiffs' wage-and-hour claims" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y.

Mar. 24, 2016) (Nathan, D.J.).

Finally, the Settlement Agreement provides that $1,000 will be paid to plaintiff's counsel for out-of-pocket costs and $3,833.33, 33.3% of the total settlement amount after the deduction of costs, will be paid to plaintiff's counsel as a contingency fee (Settlement Agreement § 1).

Plaintiff's counsel claims his out-of-pocket costs consist of the $400 filing fee, and $600 for service of process and "legal research charges" (Moser Letter at 11). The $400 filing fee is a reasonable out-of-pocket cost and I approve it. See Nat'l Integrated Grp. Pension Plan v. Dunhill Food Equip. Corp., 11 Civ. 3652 (MKB), 2014 WL 887222 at *10 (E.D.N.Y. Jan. 6, 2014) (Report & Recommendation), adopted at, 2014 WL 883893 (E.D.N.Y. Mar. 6, 2014) ("Filing fees and service of process are specifically included in the statute, and therefore plaintiffs here may recover them."), citing 28 U.S.C. § 1920. However, counsel has not provided any explanation or documentation to support his claim of $600 for legal research charges. This matter was a fairly routine FLSA case and there is no indication from the docket sheet that any motion practice took place. In addition, the Court's records show that plaintiff's counsel litigated, as plaintiff's counsel, at least six FLSA/NYLL actions before he commenced this action. Thus, he had no need to conduct legal research before commencing this action.

Accordingly, I approve $100 for service of process, but do not approve the additional requested $500. See Piedra v. Ecua Restaurant, Inc., 17-CV-3316 (PKC)(CLP), 2018 WL 1136039 at *20 (E.D.N.Y. Jan. 31, 2018) (Report & Recommendation), adopted at, 2018 WL 1135652 (E.D.N.Y. Feb. 28, 2018) (the party moving for costs bears the burden of demonstrating the reasonableness of each charge and "failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery").[2]

Turning to the $4,000.00 contingency fee, I find this fee to be reasonable. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement

---

[2] The Settlement Agreement contains a severability clause and, thus, this reduction does not affect my approval of the overall settlement (Settlement Agreement § 9).

7

amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated:  New York, New York
        March 25, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8